**NOT FOR PUBLICATION**                                                                                              CLOSED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VANDYKE JOHNSON,            :<br>:<br>                        Plaintiff,   :<br>:<br>           v.                               :<br>:<br>ALEXANDRA MARTE PERALTA,  :<br>:<br>                        Defendant :<br>: | **Civil Action No. 12-3604 (SRC)**<br><br>**OPINION** |

**CHESLER,** District Judge

     This matter comes before the Court on Plaintiff Vandyke Johnson's ("Plaintiff") motion for default judgment (Docket Entry 14). Plaintiff filed this action on April 27, 2012, in the Southern District of New York without payment of fees pursuant to 28 U.S.C. § 1915. The action was then transferred to this Court on June 8, 2012, because of its involvement in, and similarity to, Plaintiff's then pending case in the District of New Jersey, Johnson v. City of Union City et al., No. 2:12-cv-01042, 2012 WL 6021808. However, for the reasons stated below, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2).

     Under § 1915(e)(2), the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed on the merits. The statute provides as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or

appeal . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint seeks damages on five counts, which will be consolidated into three categories for the purpose of discussion:[1] (1) libel, slander, and defamation of character, (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress. Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief can be granted. The Court recognizes that Plaintiff is proceeding *pro se* and thus construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, even a liberally construed complaint must sufficiently state a claim in order to give notice of said claim and the grounds upon which is rests. Id. The applicable standard of review for dismissal pursuant to § 1915(e)(2)(B)(ii) is the same as the standard for a Rule 12(b)(6) motion to dismiss. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).

In order for Plaintiff's Complaint to meet this standard, it cannot be composed of merely conclusory statements and must include "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that this "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in order for Plaintiff's Complaint to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), it must

---

[1] As they appear in the Complaint, the counts are: (1) libel and slander; (2) defamation; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) a count alleging reckless and wanton behavior for defaming Plaintiff's character with false statements.

meet this standard. As discussed below, Plaintiff's Complaint fails to meet this standard on any count and therefore Plaintiff's Complaint will be dismissed in its entirety.

Plaintiff fails to state a claim for defamation. As stated above, Plaintiff's claim for libel and slander will be incorporated into the count for defamation since the two counts are closely related. See, e.g., Pollard v. Lyon, 91 U.S. 225, 226 (1875) (slander, false accusations, and defamation are interconnected causes of action). The elements of a defamation claim are: "(1) the defendant made a defamatory statement of fact; (2) of or concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) there was fault." Zheng v. Quest Diagnostics, Inc., 248 F. App'x 416, 418-19 (3d Cir. 2007) (citing Feggans v. Billington, 291 N.J.Super. 382, 391 (App. Div. 1996)). In this case, Plaintiff asserts that Defendant knowingly communicated false allegations of domestic violence to the Union City Police Department, her friends, and her family that damaged Plaintiff's reputation both personally and within his community. (Compl. ¶ 16-18, 22-25, 34-36) Although Plaintiff does state that Defendant made defamatory statements to others about the Plaintiff that she knew were false, Plaintiff does not provide sufficient factual allegations to support his claim. As stated, Plaintiff's defamation claim is insufficient because it is a mere recitation of the elements of defamation. See Iqbal, 129 S.Ct. at 1949. Accordingly, this count will be dismissed.

Plaintiff's claim for intentional infliction of emotional distress is also insufficient. To state a claim for intentional infliction of emotional distress, Plaintiff must show that "(1) a defendant acted intentionally or recklessly; (2) this conduct was extreme and outrageous; (3) this conduct was the proximate cause of plaintiff's emotional distress; and (4) the distress was severe." Coefield v. GPU, 125 F. App'x 445, 450 (3d Cir. 2005). In the Complaint, Plaintiff simply states that Defendant showed "reckless disregard," that her allegations were false and could cause

distress, and that Defendant's actions caused Plaintiff "to suffer emotional distress [that] he was injured [by]." (Compl. ¶ 28-29) All of Plaintiff's assertions are conclusory statements unsupported by factual allegations and are therefore insufficient to state a valid claim for intentional infliction of emotional distress. See Iqbal, 129 S.Ct. at 1949. Accordingly, this count will be dismissed.

Plaintiff's count for negligent infliction of emotional distress also fails to state a valid claim for relief. In New Jersey, to state a claim for negligent infliction of emotional distress, a plaintiff must have either observed the defendant injuring or killing a family member or intimate relation, (see, e.g., Sellitto v. Litton Sys., Inc., 881 F. Supp. 932, 941-42 (D.N.J. 1994); Portee v. Jaffee, 84 N.J. 88, 101 (1980)) or the defendant must have negligently breached his duty of care owed to the plaintiff in such a way that it was reasonably foreseeable to cause the plaintiff severe emotional distress (Dello Russo v. Nagel, 358 N.J. Super. 254, 269-70, 817 A.2d 426, 435 (App. Div. 2003) (citing Decker v. Princeton Packet, 116 N.J. 418, 429 (1989)). Although Plaintiff states that Defendant's allegedly false statements caused him "serious or severe" emotional distress, and that he was "injured by the actions of the Defendant," (Compl. ¶ 31-32) mere statement of the elements of the offense without factual support is insufficient to state a claim for relief. See Iqbal, 129 S.Ct. at 1949. Furthermore, Plaintiff's negligent infliction of emotional distress claim is weakened because it hinges on an insufficient defamation claim. See Edelman v. Croonquist, No. 09-1938 (MLC), 2010 WL 1816180 (D.N.J. May 4, 2010) (emotional distress and defamation require symmetry, thus New Jersey does not permit claims for emotional distress to proceed where the factual basis for the claim is non-actionable alleged defamation). In short, the Complaint fails to allege the required elements for a claim of negligent infliction of emotional distress. Accordingly, this count will be dismissed.

For the foregoing reasons, Plaintiff's Complaint will be dismissed in its entirety. Since the Complaint as a whole will be dismissed, Plaintiff's pending motion for default judgment is moot and need not be independently addressed. An appropriate order accompanies this opinion.

/s Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: February 27, 2013