Vandyke Johnson
Plaintiff Pro-Se
545 West 148th Street
Apt 7A
New York, New York 10031
(347) 714-1572
teknoman24@gmail.com

RECEIVED

JUL 29 2013

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANDYKE JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ALEXANDRA MARTE PERALTA, ) <br> ) <br> Defendant. ) <br>  ) | Case No.:12-CV-03604 (SRC) (CLW) <br><br> **RULE 60 MOTION FOR RELIEF FROM STATE FINAL JUDGEMENT UNDER RULE 60(b) (3) AND (4)** |

**RULE 60 MOTION FOR RELIEF FROM JUDGMENT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff *pro-se* Vandyke Johnson (herein Plaintiff), residing in the State of New York, is petitioning a Rule 60 Motion the Honorable Court, under F.RC.P. 60(b) (3) and (4) alleges and follows:

1

Vandyke Johnson
Plaintiff Pro-Se
545 West 148th Street
Apt 7A
New York, New York 10031
(347) 714-1572
teknoman24@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VANDYKE JOHNSON,<br><br>                Plaintiff,<br><br>vs.<br><br><br>ALEXANDRA MARTE PERALTA,<br><br>                Defendant. | Case No.:12-CV-03604 (SRC) (CLW)<br><br>**AFFIDAVIT IN SUPPORT**<br>**RULE 60 MOTION FROM**<br>**STATE FINAL JUDGEMENT**<br>**UNDER RULE 60(b) (3)**<br>**AND (4)** |

1. Pursuant to Federal Rules of Civil Procedure, Rule 60(b) (3) and (4), Plaintiff files this Rule 60 Motion for Relief from Judgment. Plaintiff hereby seeks the relief to void New Jersey State Family Court's previous final judgment and find in favor of Plaintiff on the grounds of fraud by the committed Defendant who sole purpose was to obtain a **United States Visa**, by falsely accusing the Plaintiff of Domestic Violence and to find a violation of Due Process, committed by the State Family Court Judge Joseph Charles Jr., thus voiding the Final Restraining Order.

2. The Honorable Court have the inherent power to void the Final Restraining Order entered in Family Court in the State of New Jersey, as well as prevent other States from recognizing the Order of Protection, that was entered in Due Process violation of the Plaintiff, within the

2

United States, under the Full Faith and Clause, void because of the Due Process violation committed by the State of New Jersey

3. The Plaintiff is asking for the Honorable Court for judicial relief and void of the Final Restraining Order, for Due Process violations, i.e., adding an additional charge while dismissing the original charge on the same day as the hearing of the merits of the Restraining Order, not contained in the complaint, against the Plaintiff, entered on the 9th Day of March 2011, by New Jersey State Family Court Judge Joseph Charles Jr.

4. The Defendant Alexandra Marte Peralta (herein Defendant) committed Fraud by falsely alleging domestic violence and misrepresented herself to the State of New Jersey and the Federal Government as a "victim of Domestic Violence" under the VAWA, to obtain a United States Visa, after the Plaintiff refused the petition the Defendant when the Plaintiff found out that the Defendant is an illegal immigrant and using the marriage to the Plaintiff to benefit herself to a **United States Visa**.

5. The Defendant's intention was to falsely accuse the Plaintiff of Domestic Violence to help herself to the process of getting a **United States Visa** by posing as a "Domestic Violence victim".

6. For the Honorable Court to void New Jersey Family State Court Final Restraining order Judgment, in violation of the Plaintiff's Due Process, and to declare the Final Restraining not recognized and not entitled to Full Faith and Credit, as rendered in the decision of *World-Wide Volkwagen Corp. v. Woodson*, 444 U.S. 286 (1980). *See also Pennoyer v. Neff*, 95 U.S. 714, 95 U.S. 732-733 (1878).

## JURISDICTION

7. The Honorable Court does have jurisdiction to hear the merits of Rule 60(b) (3) and (4) motion brought by the Plaintiff, and the controlling authority which authorizes this Honorable Court to hear the validity of New Jersey Family State Court Judgment is in Article IV § I, of the United States Constitution of America, the 14th Amendment, Title 18 § 2265, and the Fraud committed in New Jersey State Family Court by the Defendant, which bypasses the *Rooker-Feldman* Doctrine.

## FACTUAL HISTORY AND PROCEDURAL BACKGROUND

8. Plaintiff filed a lawsuit against his now ex-wife, the Defendant, Alexandra Marte back on the 15th day of June 2012. [See Johnson v. Peralta, **2:12-CV-03604 (SRC) (CLW)**].

9. The lawsuit filed by the Plaintiff at the time, originally filed in the Southern District of New York (on the 27th day of April 2012) before being transferred over by the Honorable Chief District Judge of the Southern District of New York, Loretta A. Preska (**12-CV-03427**), allege for Damages against the Defendant for committing Libel, Slander, and Defamation of Character.

10. The lawsuit was heard by the same Honorable Court, and was **DIMISSED WITHOUT PREJUDICE** by the Honorable Stanley R. Chesler, which terminated the case on the 27th day of February 2013.

11. Plaintiff was about the re-file the lawsuit again, but through personal investigation into New Jersey Family Court system, Plaintiff was indeed still married to the Defendant. Plaintiff found out this ordeal by asking the Clerk over at Matrimonial Courts at 595 Hudson, Jersey City, New Jersey.

12. Plaintiff found out the Defendant tried to get a divorce without the Plaintiff's knowledge and the Plaintiff did not ever receive any Divorce Papers from the Defendant. The Plaintiff was anticipating the Divorce action but the Defendant did not contact the Plaintiff at all.

13. Plaintiff proceeded into filing the Divorce action in the State of New York, where the Plaintiff and Defendant were married, on the 15th day of March 2013.

14. In the Defendant's response, which was represented by Wendy Hernandez, Esq., of Paulonis & Hernandez, Defendant confirmed that she was not legal citizen of the United States. Defendant also produced counterclaims against the Plaintiff making and repeating false allegations of assault even though the assault was dismissed.

15. Defendant went on to falsely allege that the Plaintiff threaten to kill the Defendant because of the Restraining Order and also continue to assert wild accusations against the Plaintiff.

16. Plaintiff went on to hire the services of Spodek Law Group, P.C., Joanne Zieba, and through the Plaintiff's attorney for the divorce proceedings, is when the Plaintiff because aware that the reason why the Defendant were making wild accusations without substance was to ensure to gain a favorable ruling to the Defendant, of Cruel and Inhuman Treatment, in the State of New York, to gain a United States Visa.

17. Ultimately, the Divorce case was heard in front of New York State Judge, the Honorable Ellen Gesmer, who dismissed the Defendant's counterclaims and granted the Plaintiff's petition for Divorce on the 12th day of July 2013.

18. This motion is now being petitioned to the Honorable Court for the District of New Jersey by the Plaintiff.

### REQUEST FOR EVIDENTIARY HEARING AND ORAL ARGUMENT

19. Because of the seriousness of the Defendant's action to obtain a United States Visa through false and fraudulent accusations, the Plaintiff is requesting an evidentiary hearing and oral argument for the Rule 60 motion.

20. Defendant continues to assert accusations as well as continuing to contradict her own stories, into convincing **ANY JUDGE** to grant the benefit of a United States Visa under illegal means through false accusations against the Plaintiff, while disregarding the Plaintiff's innocence and Civil Rights that is protected by the United States Constitution.

21. With respect to the factual allegations, there must be a factual determination made, an opportunity for the presentation of evidence, and the development of a full record. A thorough hearing and development of an adequate fact-finding record is necessary in order for the Court and, in event of an appeal, the appellate court, to make fully informed, intelligent and well-reasoned decisions.

22. Factual matters should be decided by the trial court. The importance and the issues raised in Plaintiff's Motion for Relief from Judgment warrant a full and complete factual exposition of changed factual circumstances. According, pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby requests an evidentiary hearing and oral argument before the Honorable Court in order to present the evidence and legal authorities now available to the Honorable Court.

### CASE LAW AND AUTHORITIES

23. Federal Rule of Civil Procedure 60(b) (3) and (4) provide:

   "(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the

6

following reasons…(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void." Rule 60(d) states: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding."

24. Federal Rule of Civil Procedure 60(b) offers a party relief from a judgment on motion when it is "inequitable to permit a judgment to stand." *See* Fed. R. Civ. P. 60(b): *Ackerman v. United States*, 340 U.S. 193, 202 (1950) (Black, J., dissenting). For example, it safeguards against potential due process violations. A few courts – most especially the United States Court of Appeals for the Sixth Circuit – have determined that Rooker-Feldman does not prevent the lower federal courts from reviewing state-court judgments that were allegedly procured through fraud. See *In re* Sun Valley Foods Co., 801 F.2d 186 (6th Cir. 1986). A Federal Court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake. See *Resolute Ins. Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968).

Extrinsic fraud, as its name implies, is fraud outside the workings of the case, fraud that stereotypically prevents a party from fully putting on her case or being heard by the court. [*See Long v. Shorebank Dev. Corp.*, 182 F. 3d 548, 561 (7th Cir. 1999); *see also Zelek v. Brosseau*, 136 A. 2d 416, 421-22 (N.J. Super. 1957)]. Intrinsic fraud, on the other hand, is "fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried. [See *Parker v. Parker*, 950 So. 2d 388, 391 (Fla.2007) (quoting *Fair v. Tampa Electric Co.*, 27 So. 2d 514, 515 (Fla. 1946)]. This classic definition of intrinsic fraud encompasses things like false or perjured testimony, false or misleading documents and affidavits, or any other misrepresentations that do not prevent a party from making its own case.

7

[See *Thomas v. Metra Rail Serv.*, No. 966 C 8489, 1997 U.S. Dist. LEXIS 16027, at *9 n.2 (N.D. Ill. Oct. 6, 1997) ("The Court is mindful that <u>a judgment obtained through fraud cannot act as a bar to a subsequent suit on the same cause of action—thus preventing the application of res judicata</u>."); *Remer v. Interstate Bond Co.*, 173 N.E.2d 425, 430 (Ill. 1961) ("<u>If the order was obtained by fraud, as petitioner alleges, elementary principles of law require that relief be granted</u>.").

## CONCLUSION

Because of the Defendant's fraud attempt to obtain a United States Visa, by falsely accusing the Plaintiff of Domestic Violence and the New Jersey State Family Court violation of the Plaintiff's Due Process Rights, the Plaintiff prays to the Honorable Court for:

   a. Hearing and Oral Arguments on the merits and to present evidence on Fraud
   b. To void the Final Restraining Order based on Due Process violation.
   c. To further ensure relief for the Plaintiff and to have a permanent injunction against the Defendant from filing false charges against the Plaintiff.
   d. Reimbursement of Plaintiff's legal cost.
   e. And further relief granted by the Court.

**I declare under the penalty of perjury that the foregoing is true and correct.**

State of New York
County of New York

Sworn to and before me

This JUL 2 9 2013 day of July 2013

_____
NOTARY PUBLIC
ANNA DONG
Notary Public, State of New York
Reg. No. 041DO6228919
Qualified in New York County
Commission Expires Sept. 27, 2014

_____
VANDYKE JOHNSON

8

## **CERTIFICATION OF SERVICE**

By my signature above, I Vandyke Johnson, Plaintiff Pro-Se, certify under the penalty and laws of the United States that a true and correct copy of the above and foregoing **PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT**, via Priority Mail, to Alexandra Marte Peralta, residing at 1810 West Street, Apt 2, Union City, New Jersey, 07087

State of New York
County of New York

Sworn to and before me
This __JUL 2 9 2013__ day of July 2013

_____
NOTARY PUBLIC
ANNA DONG
Notary Public, State of New York
Reg. No. 04D06228919
Qualified in New York County
Commission Expires Sept. 27, 20__

_____
VANDYKE JOHNSON
545 WEST 148TH STREET
APT 7A
NEW YORK, NY 10031
347-714-1572